ANNA M. SCHULTZ v.
THE METTLER MACHINE COMPANY, INC., ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 66608

Memorandum filed September 12, 1946.

*Franklin Coeller*, of New Haven, for the Plaintiff.

*Louis Feinmark*, of New Haven, for Mettler Machine Co.

*Julius Maretz*, of New Haven, for William D. DeSenti.

DALY, J. The plaintiff claims that an alleged sale of the assets of the defendant, The Mettler Machine Company, Inc., to the defendant William L. DeSenti is void and illegal. She claims that the alleged owners of certain shares of stock of the defendant corporation voted illegally at a special meeting of the stockholders of the corporation. At the meeting it was voted to sell the assets of the corporation. She claims that the special meeting of the stockholders of the corporation was not legally called and that legal notice thereof was not caused to be given in accordance with § 3407 of the General Statutes.

Article twelve of the by-laws of the defendant corporation provides in part as follows: "No stockholder of this corporation shall voluntarily sell his stock without first giving the remaining stockholders an opportunity to buy said stock at par." The evidence shows that the owner of the shares in question did not "voluntarily sell." The claim of the plaintiff is that the words "voluntarily sell" prohibit giving shares of stock to another. It would have been a simple matter to provide against a voluntary "transfer" if that had been intended. The shares in question were given to the owners. They were not sold. To "sell" is to "transfer or dispose of for a consideration" while to "give" is to "make over or bestow without receiving a return or consideration." Upon the evidence, I cannot and do not find that article twelve of the by-laws was violated.

The secretary of the corporation, S. Bennett Alderman, was instructed by the president of the corporation to give notice

of the special meeting of the stockholders. The president did "call a special stockholders' meeting" and did "cause legal notice thereof to be given."

In their special defenses both defendants claim laches upon the part of the plaintiff. They contend that she is now estopped.

The issues are found for the defendants. Judgment is rendered for the defendants to recover their costs from the plaintiff.